Good morning, Your Honors. I'm Brian Leslie, representing Mark Clayton. I believe this appeal presents two issues for this Court. The first is whether Mr. Clayton was properly advised by his counsel of the elements of the offense and the consequences of the plea, or, more precisely, whether the State court made an objectively unreasonable finding on that issue. And second, whether the State court misapplied the prejudice standard of Strickland in the case. Mr. Clayton, you're right to the issue that's of concern to me with your argument. Under section 2254E1, it appears to provide that, quote, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. Okay, so I know you're familiar with that. That's right. But on the argument here, as I read it, it seemed to me that the State court had made a decision that your client would have pleaded guilty or been convicted, or if he didn't take the plea bargain, it would have been worse for him. So there's no prejudice. I'm not saying that, but I understood they made that as a factual decision. Is that a factual determination, a decision on a factual issue in the post-conviction proceedings by the State court? Does it get the presumption of correctness? Well, and if so, what's your clear and convincing evidence to rebut it? The issue becomes somewhat complicated because the State court judgment styled its findings in different ways. It had a findings of fact section. It had a conclusion of law section, or principles of law section. It also had a discussion section. And it said several different things in different sections about Mr. Clayton's predicament. But that's what a the issue Your Honor raised is the one that I was alluding to in the issue of whether the State court applied the wrong legal standard. And that is that the discussion section says that Mr. Clayton could not have expected a better plea agreement to have been worked out for him. So that's not a direct quote, but that's the words better plea agreement are a direct quote. The other findings are similarly worded, similarly worded, and they make it clear that the State court took what might have been a practical approach, and that is looked at the fact that this man was facing very long potential sentences, and the evidence seemed fairly heavily stacked against him, and that his attorney was in a very difficult situation of having to deal with not only the potential sentences, but the weight of the evidence, and frankly, the weight of the evidence was very strong. And therefore, counsel did the best he could. And that's the tenor of the State court's finding. But I thought the State court was also making a finding that, and this seems somewhat speculative, but that they're making a finding that had he been advised, you know, 100 percent of the possibility of a consent defense to the more serious sexual offenses, that he would have still pleaded guilty. Well, it doesn't directly say that, but I agree that there is language – there is general language in there about he could not have expected a different result that doesn't really say whether that's what the Court's finding or not. The Court doesn't specify – I'm talking about the State court – doesn't specify the standard that it's applying particularly, but it does have that kind of language in it about this is the best result he could have expected. The language that it seems to be basing itself on is in its conclusions. I'm looking at page 157 of the excerpts under conclusions of law, not findings of fact, but it says there is not even a remote possibility that any of the alleged unprofessional errors, even if they are true, which they are not, would have produced any different result. In other words, there is no showing of any prejudice. And then the result means if he'd gone to trial. Well, it's not real clear what it means, I don't think, but I think that the discussion section – How do you think that relates? I take your point. I mean, it is ambiguous, I agree. But if you go back to page 155 of the record, in paragraph 8, where they're reviewing this problem of mispredicament. Right. And there's – in that, they're talking about the various criminal charges. And they say there was certainly a basis for Petitioner to subjectively fear the potential consequences which he faced in the event of conviction of all of the criminal charges. However, assuming – such for assuming it existed, did not somehow subvert the ability to enter into a plea agreement involved in this case. Now, it seems in there, they're looking at the whole range, not just the one where the consent issue would have been material. And you think that's not essentially what they're sweeping up in the conclusion that over – if you look at the totality of what he was facing, including the evidence against him, that he had reason to go ahead and do what he did. And therefore, he wasn't prejudiced. Well, I think what the Court is – I think what this Court found is what I was alluding to, and that is that Mr. Clayton faced a very difficult predicament, and his attorney did the best he could, and that that's the best Mr. Clayton could expect. And – and – But that's not what they put it in, in terms of prejudice. Well – They don't say this conclusion of law is encouching it in terms of he didn't – they're assuming – assuming he was ineffective or didn't meet the strickling standard in the fact that he wasn't prejudiced. Yes. You're reading it by my just misunderstanding. Well, there are three places in this decision where it talks about whether Mr. Clayton was prejudiced. And it doesn't always use that term, but I think one of them is the one Your Honor just pointed out, about such fear of the consequences and all that, did not somehow subvert the ability of the Petitioner to enter into the plea agreement. That's in the findings, the fact. Then there's the conclusion of law that I read about how they wouldn't have produced any different result. And then there's the discussion of the section that says Petitioner could not have reasonably expected any better agreement than that which defense counsel was able to procure for him. Nor should Petitioner now reasonably expect to blame his plight on the action or lack of action of his defense counsel. And so that does confuse it a bit, I would agree. I think that those three things are all there is, and it does seem to suggest that the Court was looking at the attorney did the best he could, this is the best plea agreement Mr. Clayton was going to get, and therefore he's not prejudiced. That's wrong, you say. And that's definitely wrong. That's not the standard. The standard is whether Mr. Clayton was apprised of the consequences of entering the guilty plea so that he could make his own choice. That would be the standard on deficiency, whether the conduct was deficient, but that doesn't isn't the standard on prejudice. Oh, yes, it is. Under Hill v. Judge, I'm sorry, I probably didn't finish my sentence the way I meant to or something, but the Hill v. Lockyer standard is whether the defendant would have pled guilty or gone to trial had he been properly advised. And what I'm saying here is the question. Yes, that's the issue. He would have gone to trial and taken a look at 275 months instead of 75 months, where he initially said I didn't do anything, and then he said, well, my erect penis missed its target by an inch, and I was lying on top of her breasts, and the eyewitness said he did it. The issue, Your Honor, was clearly stacked against him. I'm not saying that he had a very strong case at all. The issue of the State court made a you're saying the State court didn't make an unequivocal factual finding that he would have pled guilty anyway? I'm saying that not only did they not make an unequivocal factual finding, but at least in their discussion section, they seemed to be misapplying the standard. So you're asking us to send this back so that he can go to trial and face 275 months? Yeah. Why is he pursuing this, though? Is that what he wants? He wants to do 275 months instead of 75? Your Honor. Or does he hope that maybe the case has gone away by now because the victim is now old, older, and moved, and married, and has children? The issue here isn't what he wants, Your Honor. The issue here is, was he deprived of the opportunity to make his own objective decision at the time about whether to plead guilty or fight it? And he's saying, and with the support that I've cited in the record, that his attorney misadvised him about what the defenses would have been. And the question is whether he was – if that's so, whether he was prejudiced. Yes. And the State court said maybe ambiguously, it doesn't look like it. State – that's – I agree with that. And you think that's an unreasonable application of Strickland and misunderstands the law? I think that the conclusion in the discussion section, that he could not have expected a better plea agreement, is a misstatement of the law. Let's hear it from the other side, counsel. Thank you. May I please record? Tim Sylvester, State of Oregon Attorney General's Office for the Appellee. One thing I want to start out with here is, as I set out in my brief, the advice that the defense counsel gave Petitioner was entirely correct. How so? It is – Petitioner pegs his whole – As we tend to use the word, technically correct. It seems that he left out a lot of information. No. It is correct. The Petitioner's whole argument is based on one sentence in the advice letter. And I quote that on my – page 8, at the top of page 8. And what he says, My evaluation of the case is that we have a chance to get by the statutory rape. Now, I want to clarify something. Oregon does not have a crime defined as statutory rape. Right. There's a whole variety of different crimes that fit the general – general colloquial term, statutory rape, which means sexual intercourse under circumstances with a child where consent is not a defense. That's the usual definition of the term, at least as it's used in parlance, statutory rape. In this case, the only statutory rape charge in the case was count 4, and that is sexual abuse in the second degree, as is defined – excuse me – as defined in the statute and as it was alleged in the indictment, that is the statutory rape charge. And he goes on to say, Her conduct in wanting you to engage in that behavior is no defense to us. Absolutely right. Under count 4, second degree sexual abuse, statutory rape, her – her willingness to consent to the – to sexual intercourse is no defense. That is entirely a correct statement of law as it is. What was the sentence that he could have looked at for that count? That is the one that would have been probation. Now – Excuse me? It would have been probation if he would have been convicted only on the count 4. It would have been probation. Would have been probation. But in that same letter – in that same letter, the – the attorney earlier in the letter had said, I have tried and I have tried to talk the defense counsel – the I have talked to the district attorney repeatedly to try to get the offer of change to pleading guilty to sex abuse 2, which is count 4, with a lesser presumptive probationary sentence, but he adamantly refuses. And so the defense counsel was saying, here are the – here are the options that are available to you. I've been trying to get the DA to take a plea to the count 4, but he won't do it. Now, as to count 4, we have a possibility of defending on that one on the ground that there was no completed sexual intercourse. But there is no defense based on consent to that charge, because that is a statutory rape charge. And so when the defense counsel was giving him this advice, the advice is absolutely 100 percent correct under Oregon law. What Petitioner is – his claim here is that, well, the problem is I misunderstood what he was telling me. He's saying, when I look at this and I say her conduct in wanting to engage in that behavior is no defense, I thought he was talking about all the charges. That's what he's saying here, is that, well, I misinterpreted the correct advice my lawyer gave me, and I thought that that meant I had no consent defense to any of the charges. Well, that's not what the letter says. Now, the other thing I want to point out here is that what's the cite to that letter? Well, it's on Excerpt of Record 109, and I think it's actually – I have it at EARC. It's – Is this January 24, 1996 letter? Yeah. It's actually in the EARC twice, I believe, and the one I – The 109, thanks. Yeah. Or 59. Or 59. Okay. Dear Mark –  It's also at – it's duplicated elsewhere in the Excerpt of Record. But the language that I was just quoting to you as I was trying to get the DA to accept that was on the bottom of page 59, and the paragraph that we're talking about is about two, three paragraphs later. The other thing to keep in mind about this case is when it went to the post-conviction, his petition for post-conviction did not allege this claim in his petition for post-conviction relief. This was not a claim that he had alleged. And we obtained an affidavit from defense counsel responding to the claims that he did allege, and his petition for post-conviction relief is in Excerpt of Record 48. And the allegations that he – in his petition that relate to this are on Excerpt of Record 50. So what happened was, is that he did not allege this claim, at least not specifically in his petition for post-conviction relief. We went out and obtained an affidavit from defense counsel responding to the claims that he did make. Then Petitioner shows up on the day of the post-conviction trial, and he raises this for the first time before the post-conviction court. Now, the post-conviction court also had a bunch of other claims before it about defendant that Petitioner said Petitioner failed to provide adequate assistance. And one of them was failing to do an adequate investigation. One was scaring him by misadvising him about Measure 11 offenses. And so when the court at the end, the post-conviction court, issues the opinion that it did addressing the claims that he had raised, yes, they are in general language, where he said he had failed, and that's at Excerpt of Record 152. And when the court gets to the end and talks about the claims, it kind of jumbled them all together, because he had raised a variety of different claims that had been effective at this point. Kennedy. Did the post-conviction court in the State court ever make a specific fact finding that he, that Mr. Clayton would have pleaded guilty had he been advised explicitly that consent was a defense to the three more serious charges? The court, and I'll say this carefully, did not make a specific factual finding on that. But, again, what was going on is that there were a variety of different types of claims of ineffective assistance, failure to investigate, misadvice, failure to advise him thoroughly about this, failure to one of the other ones was failure to try to negotiate a more, a better plea agreement. And what the post-conviction court did, and that's on page 157, the court said he has failed to establish that he was denied adequate assistance to counsel under either the Oregon or Federal Constitution, there is not even a remote probability that any of the alleged, any of the alleged claims of unprofessional errors, even if they were true, which they are not, would have produced any different result in the petitioner's case. I understand they did that, but what I'm trying to assess is, are we in the realm of 2254 D or E1, where they've made a factual finding that we have to give a presumption of correctness, or are we in a different realm where we're assessing their legal conclusions? Because I think Mr. Clayton's counsel's argument is probably correct that he can show prejudice if he would have pleaded differently. Well, I would agree with that. A plea deal or not, that he, that I don't think we can assess what would have happened if he'd been tried. I think if he would have pleaded, that he wouldn't have pleaded guilty, and he would have taken his chances, then he probably shows prejudice. I would agree with that. That is the standard. Is it standard under Hill v. Lockhart and standard under State trial? Then don't we have to, to reject the petition as an unreasonable application of Strickland on prejudice, don't we have to conclude that the state court either expressly or implicitly made a finding that he would have pleaded guilty if he'd been fully advised on the consent defense applying to the three more serious offenses? Absolutely correct. The standard, I do not disagree, and everybody has always agreed that the standard here for this issue is would he have, for prejudice, number one, was he advised incorrectly, which we don't think he was advised incorrectly. Number two, if he was advised incorrectly, the question is would he have pleaded guilty anyway. That's the Hill v. Lockhart standard. If he didn't make an explicit misstatement, because you read his letter to be talking only about the last offense, statutory rape type offense, assault in second degree. Okay, still he didn't expressly in that letter say, and by the way, if you can show consent on rape or the penetration charge or the first degree assault, you win if the jury believes it. He didn't say that. Wouldn't that omission be deficient? Well, it's a question of what are the key elements of the offenses, and with what Judge Trott had inquired about in mind, there's a big difference between the hundred months penalty for the two top most serious offenses, the rape and the penetration ones, versus probation on the last one. Well, this gets back, and I realize I'm running out of my time, but I think this is important. This was a claim that Petitioner raised for the first time at trial before the post conviction court. He didn't allege it in his petition. We didn't get an affidavit from defense counsel addressing it because he didn't raise it. Now, all we have in this is the letter from counsel to Petitioner. We do not have Petitioner, the counsel, having an opportunity to testify under oath about the hundred, maybe dozens of hours of conversation he had had with Petitioner going through all of this. And so it's a little bit of being ambushed at trial in this, and so the record is a little bit skinny on that. But I want to get back to the point, and that is that this issue was presented to the post conviction court, and the post conviction court says he has failed to do, he has failed to deny, failed to establish that he was denied adequate assistance. There's not even a remote possibility that any, any of the alleged. Yes. I guess what's bothering me is those are sort of legal conclusions, and we might say that if he didn't advise of the consent defense on the crimes that had the big penalty, that that's deficient. I mean, we might say that, or I might say that, even if my colleagues didn't. And then I'd have the question of would he have pleaded guilty anyway, and I'm not seeing a clear finding on that. So should the, I mean, could there be an evidentiary hearing on this? Well, I don't have any problem with that now if the Court thinks that that's a concern. But the point I want to make is I think that the way that the post conviction court decided this case, it decided this issue. There was no dispute before the court, the post conviction court about Hill v. Lockhart standard. The post conviction court knew that that was the issue, and it said that he had failed to show prejudice as to any of his claims, which necessarily has implicit in it a determination that, given the overwhelm, and if you look at the other findings that the court made, the evidence against this guy was absolutely overwhelming. He didn't have any plausible defense. He was absolutely correctly decided by his counsel. And so I think in that situation, the post conviction court certainly was within its authority to disbelieve the Petitioner that he would not have pleaded guilty, to have found to the contrary that he would have pleaded guilty. And then under Hill v. Lockhart, the problem goes away. Thank you, counsel. Two things, Your Honors. First, the post conviction court wasn't ambushed with this issue. It was raised in Mr. Clayton's trial memorandum in the post conviction process, and I refer the Court to pages 220 and 221 of the executive document. Is there an evidentiary hearing in district court or before a magistrate judge in this case?  No. One asked for? Yes. Did you ask for one? Just one asked for? I don't recall whether I specifically asked for one. We don't know anything at all about the rest of the advice given by counsel, do we? We don't know anything more than what was in the post conviction record. Your Honor, I would like 30 seconds to respond to the claim that he was properly advised. Go ahead. Page 60 of the executive record, the reference to the statutory rape charge. The State claims now that this reference in this paragraph is to count four of the indictment. But that's wrong, and it doesn't make any sense. It's a reference to count one of the indictment, which is the first degree rape charge. All four of the charges could be construed as statutory rape because all four of them contain an age below which consent is not a defense. But the age differs from count to count. It's 12 for counts one and two. But if you look at page 60, you see that the reference to statutory rape is in one paragraph. Then the next paragraph talks about count two. Then the next paragraph talks about count three. It doesn't make any sense that he would start with count four and then counts two and then counts three. And it especially doesn't make any sense that if you don't read that paragraph as referring to the rape one charge, which is count one, then the letter doesn't refer to the rape one charge or the defenses at all, in which case Mr. Clayton was never advised about, advised or misadvised about that charge. He may have been advised 50 times and then sent this letter. Correct. I'm saying in the record that we have. Yes. Thank you, counsel. Target is ordered submitted. We'll call Riley versus Payne. Thank you.
judges: Trott, Fisher, Gould